Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1355 | **DATE** | 6/1/2000 |
| **CASE TITLE** | KaVo America vs. J.F. Jelenko & Co | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 11/1/2000 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** The Court denies defendant's motion (Doc 6-1) to dismiss for lack of personal jurisdiction and improper venue. The Court also denies defendant's motion (Doc 6-2) to transfer. Defendant is given to June 22, 2000 to answer the complaint. All discovery to be completed by November 1, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 02 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 12 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | JUN 02 2000 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAVO AMERICA CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 00 C 1355 |
| ) | |
| J.F. JELENKO & CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Defendant's motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectively. In the alternative, Defendant moves to transfer this case to the Southern District of New York pursuant to 28 U.S.C. §1404(a). For the reasons set forth below, the Court denies Defendant's motion to dismiss and Defendant's motion to transfer.

**DOCKETED**
**JUN 02 2000**

### BACKGROUND

Plaintiff KaVo America Corp. ("KaVo America") filed this action against Defendant J.F. Jelenko & Co. ("Jelenko") for breach and repudiation of a contract.

KaVo America is an Illinois corporation and has its principal place of business in Lake Zurich, Illinois. It is involved in the manufacturing and distributing of dental equipment. Further, it is the sole North American distributor of dental products manufactured by KaVo Elektrotechnisches Werke Vertriebsgesellschaft m.B.H. ("KaVo Elektro"). KaVo America and KaVo Elektro are both wholly owned subsidiaries of a Swiss holding company. Defendant Jelenko is a Delaware corporation with its principal place of business in Armonk, New York. Jelenko is in the business of manufacturing and distributing dental equipment.

By letter dated December 10, 1997, KaVo America entered into an agreement (the "Letter Agreement") with Jelenko pursuant to which KaVo America agreed to supply Jelenko with a private label handpiece manufactured by KaVo Elektro in accordance with the specifications in the Letter Agreement. The Letter Agreement required Jelenko to purchase 500 units of the private label handpiece between January 1, 1998 and December 31, 1999. Although KaVo America manufactured 500 units of the private label handpiece in 1998, Jelenko only ordered 153 units that year. KaVo America delivered and Jelenko paid for these 153 units. Jelenko asserts that there were, however, delays and defects with the shipment of these units. In December 1999, when Jelenko failed to order any additional units, KaVo

America delivered the remaining 347 units to Jelenko and submitted an invoice for those units. Jelenko refused delivery of the shipment and refused to pay the invoice amount.

As a result, KaVo America filed this suit against Jelenko. Presently, Jelenko moves to dismiss for lack of subject matter jurisdiction and improper venue, and in the alternative, Jelenko moves to transfer this case to the Southern District of New York.

## LEGAL STANDARD

When deciding a motion to dismiss for want of personal jurisdiction or improper venue, the Court must accept all well-pleaded facts as true unless controverted by the defendant's affidavits. Any factual disputes must be resolved in favor of the plaintiff. See Saylor v. Dyniewski, 836 F.2d 341, 342 (7th Cir. 1988); Turnock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987). It is with these principles in mind that the Court evaluates Defendants' motion.

## DISCUSSION

### I. Personal Jurisdiction

Jelenko argues that this Court does not have personal jurisdiction over it because it never visited Illinois in connection with the negotiation of the Letter

Agreement, had no offices in Illinois, and owned no property in Illinois. However, the Court finds that it does have personal jurisdiction over Jelenko.

When a case is before a court on the basis of diversity jurisdiction, a federal district court in Illinois may exercise personal jurisdiction over a nonresident defendant only if an Illinois state court would have jurisdiction. See Dehmlow v. Austin Fireworks, 963 F.2d 941, 945 (7th Cir. 1992). Under the Illinois long-arm statute, a court may exercise jurisdiction over nonresident defendants "doing business" in Illinois, engaging in the "transaction of business" in Illinois, or having any other relationship with Illinois that is enumerated in the statute. See 735 ILCS 5/2-209(a), (b). The Illinois long-arm statute also contains a "catch-all" provision, which allows Illinois courts to assert personal jurisdiction "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(a), (c). Therefore, "if the contacts between the defendants and Illinois are sufficient to satisfy the requirements of due process, then the requirements of both the Illinois long-arm statute and the United States Constitution have been met, and no other inquiry is necessary." Id., quoting L.B. Foster Co. v. Railroad Service, Inc., 734 F. Supp. 818, 822 (N.D. Ill. 1990).

In order for a state's reach over a defendant to comport with federal due process, a nonresident defendant must have "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V., 28 F.3d 572, 580 (7th Cir. 1994), quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). What the minimum contacts standard means in a particular case depends on whether the jurisdiction asserted is specific or general. See RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1277 (7th Cir. 1997). Specific jurisdiction exists when the defendant has "'purposefully directed' his activities at residents of the forum" state and when the claim results from injuries that "arise out of or relate to" the defendant's contacts with the forum state. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). General jurisdiction exists when the defendant has "continuous and systematic general business contacts" with the forum state. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984). In this case, KaVo America has established that this Court has both specific and general jurisdiction over Jelenko.

For specific jurisdiction, a court must determine whether a defendant established minimum contacts such that the defendant "purposely avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King, 471 U.S. at 475, citing Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The main factor in the minimum contacts due process analysis is not physical presence in the forum state, but rather foreseeability. See Burger King, 471 U.S. at 472-74. "The foreseeability that is critical to due process analysis ... is that the defendants's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." Id., at 474, quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Contacts that are "random," "fortuitous" or "attenuated" are not sufficient to establish that a state's exercise of jurisdiction over the defendant was foreseeable. See Heritage House Restaurants, Inc. v. Continental Funding Group, Inc., 906 F.2d 276 283 (7the Cir. 1990), citing Burger King, 471 U.S. at 475.

Jelenko had sufficient minimum contacts with Illinois such that this Court's exercise of personal jurisdiction over it does not offend the traditional notions of "fair play and substantial justice." Jelenko's transactions with KaVo America

indicate that it purposefully availed itself of the privilege of conducting activities within Illinois. Cf. Ores v. Kennedy, 218 Ill. App. 3d 866, 872, 578 N.E.2d 1139, 1144, 161 Ill. Dec. 493, 498 (1st Dist. 1991). This suit "arises out of" and "relates to" Jelenko's purchase of the private label handpiece from KaVo America pursuant to the Letter Agreement. Jelenko alleges that it initially contacted and continued to correspond with KaVo Elektro in Germany to arrange for the purchase of the private label handpiece. Thus, Jelenko seems to believe that it can only be viewed as dealing with the German entity, KaVo Elektro. However, because KaVo America is KaVo Elektro's exclusive North American distributor, in order for Jelenko to purchase the private label handpiece, it eventually had to enter into the Letter Agreement with KaVo America, not KaVo Elektro. In negotiating the Letter Agreement, Jelenko engaged in written correspondence and numerous telephone calls to Illinois with KaVo America. Jelenko also signed the Letter Agreement and mailed it to KaVo America in Illinois. Further, Jelenko continued to correspond regularly with KaVo America in Illinois between January 1998 and April 2000 regarding specifications for the units and the timing of delivery of the units. In addition, Jelenko took delivery in Illinois because KaVo America shipped the units

FOB KaVo America's principal place of business in Lake Zurich, Illinois.[1] Jelenko also sent his payment for the accepted shipment to KaVo America in Illinois and returned the rejected shipment to KaVo America in Illinois. It is entirely foreseeable that Jelenko would be haled into court in Illinois, given that Jelenko knowingly negotiated and entered into the Letter Agreement with an Illinois entity in order to purchase custom made goods. Thus, the aforementioned contacts made by Jelenko, taken together, constitute sufficient "minimum contacts."

Just because Jelenko did not enter the forum state in connection to the Letter Agreement, does not mean that it could not have established minimum contacts sufficient to establish personal jurisdiction. See R-Five, Inc. v. Sun Tui, Ltd., No. 94 C 4100, 1995 WL 548633, at *3 (N.D. Ill. Sept. 12, 1995), citing Burger King, 471 U.S. at 468. "Jurisdiction in these circumstances may not be avoided merely because the defendant did not physically enter the forum state.... [I]t is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted." Id.

---

[1] The term FOB indicates the place of delivery. See DavidCraft Corp. v. First Nat'l Bank of Maryland, No. 83 C 5481, 1986 WL 1030, at *3 n.4 (N.D. Ill. Jan. 3, 1986). It is that location where the seller has a duty to put the goods in the possession of the carrier, and where the risk of loss passes to the buyer. See id.

- 8 -

Moreover, this Court may exercise general personal jurisdiction over Jelenko. A court looks to a defendant's additional contacts with the forum state beyond those related to the action being brought against it to determine whether it can exercise general personal jurisdiction over the defendant. See Dehmlow v. Austin Fireworks, 963 F.2d 941, 947 n.6 (7th Cir. 1992) (citation omitted). A party with extensive contacts in a state can be subject generally to the personal jurisdiction of Illinois courts. Helicopteros, 466 U.S. at 414. Moreover, a finding that a nonresident defendant is doing business in Illinois so as to maintain a presence here subjects a defendant to personal jurisdiction of Illinois courts for all matters. See Aetna Cas. & Sur. Co. v. Crowther, Inc., 581 N.E.2d 833, 835 (Ill. App. Ct. 1991) (citation omitted). The business engaged in by defendant must be intentional, substantial, and continuous, rather than inadvertent, trivial, or sporadic. See Asset Allocation & Management Co. v. Western Employers Ins. Co., 892 F.2d 566, 570 (7th Cir. 1989). A corporation is "doing business" when it engages in a "regularity of activities in Illinois." Neuman & Assoc. v. Florabelle Flowers, Inc., 15 F.3d 721, 724 (7th Cir. 1994), citing Cook Assocs., Inc. v. Lexington United Corp., 87 Ill.2d 190, 429 N.E.2d 847, 852 (1981).

Jelenko is "doing business" in Illinois. Jelenko maintains two sales representatives to service Illinois customers. Moreover, Jelenko actively solicits Illinois residents through its website by telling them to click on "your state" from a list that includes Illinois. Jelenko's sales also indicate that it is "doing business" in Illinois. Jelenko makes sales to customers in Illinois which comprise about 10 percent of Jelenko's overall income. Generating this amount of income from Illinois residents indicates that Jelenko is "doing business" in Illinois. Courts have found that corporations were "doing business" in Illinois when they engaged in a much smaller percentage of sales than Jelenko. See e.g., Deere & Co. v. Howard Price Turf Equipment, Inc., No. 99 C 4169, 1999 WL 1101215, at *3 (N.D. Ill. Dec. 1, 1999) (corporation was doing business in Illinois when it made sales to Illinois distributors that comprised 1.878% and 3.633% of annual sales); Milligan v. Soo Line R.R. Co., 775 F. Supp. 277, 280 (N.D. Ill. 1991) (company was doing business in Illinois where 3-5% of its total revenue was derived from Illinois sales); Neuman, 15 F.3d at 724-25 (company was doing business in Illinois where projected Illinois sales constituted 0.05-1% of its national sales). Ten percent of overall income is a significant amount and cannot be characterized as inadvertent, trivial, or sporadic. Rather, the aforementioned factors indicate that Jelenko is engaged in

a "regularity of activities" in Illinois. Thus, Jelenko is subject to general personal jurisdiction in Illinois.

Finally, it is reasonable to require Jelenko to litigate in Illinois. Once "purposeful availment" is demonstrated, the exercise of jurisdiction is presumptively reasonable. See Culligan Int'l Co. v. Wallace, Ross, & Sims, 273 Ill. App. 3d 230, 232, 650 N.E.2d 565, 568, 208 Ill. Dec. 871, 874 (1st Dist. 1995). Moreover, Illinois has an interest in providing a forum for disputes resulting from a business relationship formed between an Illinois resident and a nonresident. In addition, Jelenko's business contacts with Illinois are "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities." Int'l Shoe, 326 U.S. at 318, 66 S.Ct. at 159.

For these reasons, this Court may properly exercise personal jurisdiction over Jelenko.

## II. Venue

Jelenko argues that venue is improper in the Northern District of Illinois. Because this case comes before the Court on the basis of diversity, the Court looks to 28 U.S.C. §1391(a) to determine which venue is proper. Section 1391(a) provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendants resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. §1391(a).

Venue is proper in the Northern District of Illinois under §1391(a)(1). Jelenko is the sole defendant in this action and it resides in the Northern District of Illinois. Section 1391(c) provides:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State.... 28 U.S.C. §1391(c).

Because the Court has already determined that Jelenko is subject to personal jurisdiction in this district because of its contacts with KaVo America in Lake Zurich, Illinois, as well as its business activities in Illinois, the Court deems Jelenko to reside in the Northern District of Illinois. Cf. Deere, 1999 WL 1101215, at *5.

Thus, under §1391(a)(1), venue is proper in this Court because Jelenko is the only defendant and resides in the Northern District of Illinois.

Moreover, venue is proper in the Northern District of Illinois under §1391(a)(2). "The standard set forth in §1391(a)(2) may be satisfied by a communication transmitted to or from the district in which the cause of action was filed, given a sufficient relationship between the communication and the cause of action." Consolidated Ins. Co. v. Vanderwoude, 876 F. Supp. 198, 200-01 (N.D. Ind. 1995), quoting Sacody Technologies v. Avant, Inc., 862 F. Supp. 1152, 1157 (S.D.N.Y. 1994). Here, KaVo America has alleged that there were several communications transmitted to or from the Northern District of Illinois, which have a sufficient relationship to the cause of action. For example, KaVo America drafted and signed the Letter Agreement in Illinois and sent it from Illinois to Jelenko. Jelenko then signed the Letter Agreement and returned it back to KaVo America in Illinois. Further, Jelenko communicated by telephone and written correspondence with KaVo America in Illinois regarding the specifications for the private label handpiece and the timing of the delivery. Jelenko also took delivery of the units in Illinois, sent payment to Illinois, and returned the rejected shipment to Illinois. Accordingly, a substantial part of the events or omissions giving rise to the claim

occurred in the Northern District of Illinois, and venue is proper here under §1391(a)(2).

In the alternative, Jelenko moves the Court to transfer this case to the Southern District of New York pursuant to §1404(a). It is well-established that a decision to transfer an action is committed to the district court's sound discretion. See <u>Coffey v. Van Dorn Iron Works</u>, 796 F.2d 217, 219 (7th Cir. 1986). Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). Under §1404(a), the plaintiff's choice of forum is entitled to substantial weight, especially if it is the plaintiff's home forum. See <u>United Airlines, Inc. v. Mesa Airlines, Inc.</u>, 8 F. Supp.2d 796, 798 (N.D. Ill. 1998). Thus, "the movant ... has the burden of establishing that the suit should be transferred" and must demonstrate that "the balance of interests weighs strongly in favor of proceeding in the proposed transferee district." <u>Heller Financial, Inc. v. Nutra Food, Inc.</u>, 655 F. Supp. 1432, 1433 (N.D. Ill. 1987). Courts apply a three-factor analysis when faced with a motion to transfer venue pursuant to §1404(a). Under this analysis, a court may transfer a case if the defendant can demonstrate: (1) venue is proper in both the

transferor and the transferee courts; (2) transfer is for the convenience of the parties and the witnesses; and (3) transfer is in the interests of justice. See <u>Symons Corp. v. Southern Forming and Supply, Inc.</u>, 954 F. Supp. 184, 186 (N.D. Ill. 1997).

Here, Jelenko does not submit a convincing case for transfer. The Court has already determined that the Northern District of Illinois is a proper venue, and both parties agree that the Southern District of New York would also be a proper venue. However, Jelenko submits nothing that convinces this Court that the Southern District of New York would be a more convenient forum. Both parties submit lists of witnesses who will give testimony relevant to this action. Jelenko's witnesses are in New York while KaVo America's witnesses are in Illinois. Jelenko takes issue with three of KaVo America's witnesses, asserting that because Jelenko had never dealt with these witnesses, these witnesses cannot possibly have any relevant testimony. However, KaVo America has averred that these witnesses have relevant information regarding the quality control procedures used in connection with the units sent to Jelenko and KaVo America's performance of its obligations under the Letter Agreement. Presently, the Court finds the testimony of these proposed witnesses relevant. Because the potential witnesses in this action, along with

relevant documents, are located both in Illinois and New York, this factor does not favor transfer.

Further, Jelenko argues that this Court lacks subpoena power over certain of its former employees, who would now be third-party witnesses. However, Jelenko does not indicate that any of these witnesses would not voluntarily testify. Accordingly, the subpoena powers of this Court are not at issue because Jelenko has failed to allege the existence of reluctant third party witnesses. See Pepsico, Inc. v. Marion Pepsi-Cola Bottling Co., No. 99 C 3939, 2000 WL 263973, at *9 (N.D. Ill. Mar. 6, 2000).

Jelenko also argues that New York contract law would govern this action and that a court in the Northern District of Illinois would be less familiar with the application of New York contract law. KaVo America, however, argues that Illinois contract law would govern this action, making this Court more familiar with the law in this case. Without delving into a choice of law analysis, this Court finds that the application of either state's contract law weighs neither in favor of transfer or retention. See Amoco Oil Co. v. Mobil Oil Corp., No. 99 C 5837, 2000 WL 306884, at *4 (N.D. Ill. Mar. 22, 2000); cf. American Stair Corp. v. Burgess Steel Products Corp., No. 99 C 4615, 1999 WL 1044833, at *2 (N.D. Ill. Nov. 16,

1999). Courts often resolve substantive legal questions based upon another state's law, and generally, contract law is not especially complex or beyond the comprehension of another state's court. See Amoco, 2000 WL 306884, at *4. Thus, the applicable contract law does not support transfer in this case.

Finally, Jelenko contends that this case will go to trial sooner in the Southern District of New York than in the Northern District of Illinois. While this may be true, the Northern District of Illinois disposes of civil cases more quickly than does the Southern District of New York. The Federal Court management statistics show that in 1998 it took 25 months for a civil case to go to trial in the Northern District of Illinois, while it took 20 months in the Southern District of New York. At the same time, disposition of civil cases in the Northern District of Illinois took 6 months, while in the Southern District of New York, it took 9 months. Thus, this factor does not weigh in favor of either district. Cf. Pepsico, 2000 WL 263973, at *11.

In short, Jelenko has presented nothing demonstrating that the Southern District of New York is a more convenient forum than the Northern District of Illinois. At best, Jelenko has demonstrated that the most convenient forum for this dispute is a toss up between the Southern District of New York and the Northern

District of Illinois. Accordingly, the Court will defer to Plaintiff's choice of forum and deny Jelenko's motion to transfer.

## CONCLUSION

For the reasons set forth above, the Court denies Defendant's motion to dismiss for lack of personal jurisdiction and improper venue. The Court also denies Defendant's motion to transfer.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated: June 1, 2000